*Stebbins-Navy v. Vermont Dept. of Motor Vehicles*, No. 411-7-14 Wncv (Teachout, J., Aug. 31, 2015).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                       CIVIL DIVISION
**Washington Unit**                                       Docket No. 411-7-14 Wncv

**Rachel Stebbins-Navy**
    **Appellant**

    **v.**

**Vermont Department of Motor Vehicles**
    **Appellee**

## DECISION ON APPEAL

Appellant Rachel Stebbins-Navy appeals from a decision of an Agency of Transportation (AOT) hearing officer affirming the Department of Motor Vehicles' (DMV) suspension of her Vermont driver's license for failure to pay a civil judgment. The court has reviewed the record and the parties' submissions and heard oral argument on August 27, 2015. For the following reasons, the decision of the hearing officer is reversed.

Ms. Stebbins-Navy was in a car accident in 2001. The narrative portion of the collision report by the State police describes the accident *in total* as follows:

> Operator #1 [Ms. Stebbins-Navy] advised that she was coming down the hill at 15 to 20 mph when she saw Vehicle #2 coming in the opposite direction. She advised that she realized she was partially in the opposite lane, so she applied her brakes, and they locked. She advised that she skidded into Vehicle #2, which was to the right side of the road. She advised that there were no injuries in her vehicle and that she did not have insurance.

> Operator #2 advised that she was coming up the hill at 10 mph. She advised that Vehicle #1 was in the middle of the road, so she pulled as far to the right as she could and stopped. She advised that Vehicle #1 then skidded into her vehicle. Operator #2 advised that on impact she bumped her head but was not injured.

> The road was ice and slush-covered. Operator #1 was issued a traffic ticket for no insurance.

Operator #2's insurance company paid benefits on behalf of Operator #2 and then filed a civil action in Vermont Superior Court against Ms. Stebbins-Navy. That lawsuit generated a judgment against Ms. Stebbins-Navy for $3,857.34 plus costs and prejudgment interest dated October 24, 2002. Any filings related to the complaint and any motion practice or other basis for the judgment in that lawsuit are not in the record of this case.

A balance remained due on that judgment eight years later. The insurance company filed

a complaint for renewal of the judgment. Ms. Stebbins-Navy defaulted and the judgment was renewed. By February 2014, a balance, larger than the original judgment amount, still remained due. According to Ms. Stebbins-Navy, she has tried to pay down the debt but interest has accrued more quickly than she has been able to handle it and her efforts at compromising the amount due all have been refused.

On February 25, 2014, a paralegal at the insurance company's law firm, Bauer Gravel Farnham, wrote to the DMV requesting that it suspend Ms. Stebbins-Navy's license because she had failed to pay the judgment. In the letter, he states:

> The Judgment Order in this case was issued as a result of the accident described in the Police Report which ascribes [sic] negligent operation to Rachel J. Stebbins, and the Summons and Complaint clearly define Rachel J. Stebbins to be the person at fault for the accident and clearly outlines the damages. We respectfully request that Rachel J. Stebbins's Vermont driver's license be suspended until the Judgment Order has been paid in full, said Judgment Order being issued upon the basis of the Police Report clearly showing violation of Title 23 on the part of Rachel J. Stebbins.

Apparently on the paralegal's request, the DMV suspended Ms. Stebbins-Navy's driver's license pursuant to 23 V.S.A. § 605. That section provides as follows:

> Upon not less than 15 days' notice and the opportunity for a hearing, the Commissioner shall suspend the license of an operator or the privilege of an unlicensed person or nonresident to operate a motor vehicle against whom there is an outstanding unsatisfied judgment of a court of competent jurisdiction within this state, *for damages arising out of a motor vehicle accident, and based upon any violation of the provisions of this title.* (emphasis added)

She appealed to an AOT hearing officer.

Following a hearing, the hearing officer correctly noted that § 605 applies only where the damages giving rise to the judgment arose both (1) out of a vehicular accident and (2) due to a violation of Title 23. He did *not* then find that any violation of Title 23 caused the accident. Instead, he ruled as follows:

> In his letter to DMV . . ., [the insurance company's] legal counsel [the paralegal] alleges to Petitioner being "at fault for the accident" which, he states, is verified by the police report "showing violation of Title 23 on the part of Rachael Stebbins." Because Petitioner failed to answer or otherwise respond to the 2010 complaint [for renewal] . . ., these allegations must be deemed admitted.

On the basis of this purported "admission" alone, the hearing officer found that the DMV had suspended Ms. Stebbins-Navy's license in compliance with 23 V.S.A. § 605.

The hearing officer's ruling is plain error. Ms. Stebbins-Navy's failure to respond to a

2

renewal complaint in 2010 is not an admission to the unsupported allegations of a paralegal in 2014 who was seeking to have her license suspended. There is no "admission" and there is no basis in the record for the paralegal's allegations.

Ms. Stebbins-Navy was cited in 2001 for a lack of insurance only. A lack of insurance obviously was not the cause of the accident. She was not cited for any other violation. The police officer's report noted the icy and slushy conditions. It did not assign fault. It is entirely possible that there was no violation other than the lack of insurance. The fact of an accident alone is not proof of negligence or a violation of the rules of the road.

It is unclear exactly how much proof of a violation § 605 requires before the serious penalty of a suspension is properly imposed but it certainly requires much more than the allegation that the hearing officer relied on here.

## ORDER

The decision of the hearing officer is *reversed*. If Ms. Stebbins-Navy's driver's license is suspended due to the DMV's and the hearing officer's decision, it shall be reinstated forthwith.[1]

Dated at Montpelier, Vermont this 31st day of August 2015.

_____
Mary Miles Teachout
Superior Judge

---

[1] The hearing officer noted that the suspension by the DMV was held in abeyance pending the hearing officer's decision. It is unclear whether the suspension occurred in fact following the hearing officer's decision or the suspension remains in abeyance.